FILED

2017 APR 28 PM 12: 13

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

Stephen Frederick Alexander, Pro Se
1021 Dartford Drive
Tarpon Springs, Florida 34688
727-533-8007

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| STEPHEN FREDERICK ALEXANDER, | No: 8:17-cv-997-T-30TGW |
| Plaintiff, | FIRST AMENDED COMPLAINT FOR |
| v. | CIVIL RIGHTS VIOLATION AND |
| BOB GUALTIERI, Sheriff | INJUNCTIVE AND DECLARATORY |
| of Pinellas County, Florida | RELIEF; |
| Defendant, | |
| BERNE MCCABE, State Attorney | DEMAND FOR JURY TRIAL |
| of Pinellas County, Florida | |
| Defendant, | 1. 42 U.S.C. § 1983 [Free Speech] |
| JANET C. LONG, Chair and Commissioner | 2. 42 U.S.C. §1983 [Equal Protection] |
| Of Board of County Commissioners | 3. Florida Statutes, 748.048(1)(b) |
| of Pinellas County, Florida | |
| Defendant, | |
| RICHARD LYNN SCOTT, Governor of Florida | |
| Defendant, | |

Plaintiff alleges as follows:

1. Plaintiff Stephen Frederick Alexander, is a natural person. Motivated by his moral, religious, and personal beliefs, plaintiff has prepared signage, literature, and petitions and will

IFP

prepare more signage, literature, and petitions within the County of Pinellas in the State of Florida. These speech activities include hand-to-hand leafleting about members of The Florida Bar, education about inept members of the Florida Bar, and holding signs which say things like "John McMenamin Law Group Sucks Lemons". All of these activities occur on public sidewalks or other public forum, where he can convey his message to the public.

2. Defendant, Bob Gualtieri ("Sheriff") is the elected official in charge of the Pinellas County Sheriff's Office, which is a part of an organized county entity under the laws and Constitution of The State of Florida, and is a corporate entity capable of suing and being sued. Defendant Sheriff maintains and operates the Pinellas County Sheriff's Office, which, in the first instance, is responsible for the enforcement of the state law in question and the arrest of the person alleged to have violated it.

3. Defendant, Berne McCabe ("State Attorney") is the elected official in charge of the State Attorney's Office in Pinellas County, Florida, which is part of an organized county entity under the laws and Constitution of The State of Florida, and is a corporate entity capable of suing and being sued. Defendant State Attorney maintains and operates the State Attorney's Office in Pinellas County, which, in the first instance, is responsible for the prosecution of the state law in question and the arrest of the person alleged to have violated it.

4. Defendant, Janet C. Long ("Board") is the elected official in charge of the Board of Commissioners of Pinellas County in Pinellas County, Florida, which is the entity under the laws and Constitution of The State of Florida, and is a corporate entity capable of suing and being sued. Defendant Board maintains and operates Pinellas County, which, in the first, is responsible for guaranteeing to uphold the Constitution of the United States.

5. Defendant, Richard Lynn Scott ("Governor") is the elected official in charge of the Executive branch of the State of Florida, which is an entity under the laws and Constitution of The State of Florida, and is a corporate entity capable of suing and being sued. Defendant Governor maintains and operates the Executive Branch, which in the first instance is responsible for guaranteeing to uphold the Constitution of the United States.

6. **JURISDICTION**: This Court has jurisdiction over this action pursuant to Title 28

U.S.C. §§1331 and 1343(3) in that the controversy arises under the United States Constitution and under 42 U.S.C. §1983 and 28 U.S.C. §§2201 and 2202. This Court has authority to Award attorneys fees pursuant to 42 U.S.C. §1988. Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. §1367(a) to hear and adjudicate state law claims. Each and all of the acts (or threats of acts) alleged herein were done by defendants, or their officers, agents, and employees, under color and pretense of the statutes, ordinances, regulations, customs and usages of the State of Florida and Pinellas County.

7. **INTRADISTRICT ASSIGNMENT**: Venue is proper in this district under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims in this action occurred in this district.

8. On or before December 2016, the Defendant Governor or his predecessors adopted Florida Statutes, 748.048(1)(b) (herein the "Free Speech Clause"). Afterward, in December 2016, Plaintiff's wife, Gwendolyn Olmsted Alexander – a 100 percent disabled veteran of the United States Air Force, who was raped by her own officers while serving in the Air Force --, was arrested by the Defendant Sheriff for violations of Florida Statutes 748.048 ("Statute") and was served a Bill of Particulars in March or April of 2017 by Defendant State Attorney, attached as Exhibit A. This all occurred in Pinellas County. Florida operated by Defendant Board.

9. Violation of the Statue is a third degree felony, punishable by up to 5 years in prison.

10. The law enforcement arm of Pinellas County is the Pinellas County Sheriff's Office ("PCSO"). It is the PCSO which actually interprets, enforces and arrests persons who have allegedly violated the Statute.

11. The Defendant Sheriff and the PSCO supposedly use the Free Speech Clause of the Statute to govern their behavior. In practice, PCSO enforces and interprets the Statute in various and conflicting ways, with the effect a person can never be particularly sure whether their conduct will or will not be charged as a violation of the Statute. Some interpretations violate the constitutional norms set forth in Hill v. Colorado, 530 U.S. 703 (2000), for example:

A. In 2016 at a date known only in an injunction court filing in Pinellas County, there occurred a PCSO deputy who said he would arrest Plaintiff's wife for defamation if she continued with activities that allegedly occurred in the Bill of Particulars, including but not limited to handing out leaflets. The police made it clear that failure to abide by this interpretation of the Statute would make my wife subject to arrest for violation of the Statute. In fact, in December 2016, my wife was arrested for handing out leaflets and charged with a violation of the Statute. Moreover, Defendant State Attorney, has been served with documents showing the case law that handing out leaflets and other such things as alleged in the Bill of Particulars is not prosecutable in Pinellas County. Defendant State Attorney continues to abide by Defendant Sheriff's and the PCSO's the interpretation of the Statute that makes Plaintiff's wife Plaintiff subject to prosecution for violation of the Statute. Moreover, Defendant Governor continues to permit elected persons to retain their positions despite the violations of the United States Constitution. In addition, Defendant Board continues to permit elected officials and their subordinates to violate the United States Constitution. There is no evidence that any Defendants have willingly altered their behavior to conform the Statute in conformity with the case law of Florida, the Free Speech Clause, or the United States Constitution.

B. In December 2016 in Pinellas County, there occurred a deputy of PCSO who said that contacting the PCSO was criminal activity subject to the Statute. There occurred a deputy of PCSO who said that distributing fliers to neighbors was criminal activity subject to the Statute. There occurred a deputy of PCSO who said that posting photos from the Florida Bar website of an attorney was criminal activity subject to the Statute. There occurred a deputy of PCSO who said that making a website on the internet is criminal activity subject to the Statute. There occurred a deputy of PCSO who said that posting links to one's own website is criminal activity subject to the Statute. There occurred a deputy of PCSO who said that calling a deputy a "Fucking piece of shit" is criminal activity subject to the Statute. The Defendant Sheriff is in agreement with the above interpretations. The Defendant State Attorney is in agreement with the above interpretations. The Defendant Board is in agreement with the above interpretations. The Defendant Governor is in agreement with the above interpretations.

See Exhibit A and Exhibit B.

12. Plaintiff has not been arrested, but Plaintiff's wife has been arrested for allegedly violating the Statute. Plaintiff is at risk to be arrested for violating the Statute. Plaintiff contends that he and his wife are individuals whom the PCSO, Defendant Sheriff, Defendant Board, Defendant State Attorney, Defendant Board and Defendant Governor are noted as to whom the Statute will apply based on negative content concerning a member of the Florida Bar. Also, the PCSO and Defendant Sheriff will arrest Plaintiff, the Defendant State Attorney will prosecute Plaintiff, The Defendant Board and Defendant Governor will do nothing to uphold the Constitution of the United States according to the interpretations they have given as set forth above. None of the Defendants has ever disavowed any of the interpretations mentioned in the preceding paragraph. Plaintiff reasonably fears that he will be arrested by PCSO for conduct which is not prohibited by the Statute and/or otherwise protected by the U.S. Constitution.

13. The PCSO, Defendant Sheriff, Defendant State Attorney, Defendant Board and Defendant Governor have an unwritten policy exempting from the reach of the Statute any person who speaks positively about a member of the Florida Bar. That same unwritten policy holds that Plaintiff and his wife are to be arrested if he or she speaks to anyone about a member of the Florida Bar. This is a form of content and viewpoint discrimination.

14. The Statute, both as written and as enforced by PCSO, Defendant Sheriff, Defendant State Attorney, Defendant Board, and Defendant Governor, is content- and viewpoint-based, abuses governmental power, denies free speech in a traditional public forum, does not further any important or substantial governmental interest, and imposes restrictions that are greater than necessary to further any government interest asserted.

15. Specifically but not exclusively, the Statute as written and as enforced by the PCSO, Defendant Sheriff, Defendant State Attorney, Defendant Board, and Defendant Governor, is content-based because the main purpose in enacting it was to suppress speech of a certain content and because it differentiates speech based on content of the speech. This includes, without limitation, the fact that the Statute elevates commercial speech over non-commercial

speech by not restricting commercial speech, such as commercial fliers but restricting fliers critical of members of the Florida Bar.

16. Specifically but not exclusively, the Statute is not narrowly tailored to serve any significant governmental interest and imposes restrictions that are greater than necessary to further such interests because, on its face and as applied, it restricts uninvited speech as well as unwanted and unwelcome speech.

17. Any interest advanced by Defendants to support the Statute is related to the suppression of constitutional and statutory rights and is also minor as compared to the infringement of rights worked by the Statute.

18. Unless and until defendants are restrained by order of this Court, defendants, acting through their officers, servants, agents and employees, will enforce the Statute.

19. All of the acts of the defendants, its officers, agents, servants, and employees, as alleged herein, were done or are threatened to be done under color and pretense of the statutes, ordinances, regulations, customs, official policies, official procedures, and usages of Pinellas County and the State of Florida.

20. Plaintiff is suffering irreparable injury from the enforcement and threat of enforcement of the Statute, and will continue to suffer irreparable injury until the threat of enforcement is lifted.

**FIRST CAUSE OF ACTION**

**(42 U.S.C. § 1983: FREE SPEECH AND DUE PROCESS)**

21. Plaintiff incorporates by reference all preceding paragraphs as if fully restated here.

22. The Statute is an unconstitutional abridgment on its face, and as applied or threatened to be applied, of the Plaintiff's affirmative rights to freedom of speech under the United States Constitution, First and Fourteenth Amendments.

23. The Statute, on its face and as applied or threatened to be applied, is an unconstitutional overbroad restriction on expressive activity.

24. The Statute, on its face and as applied or threatened to be applied, is an unconstitutional vague restriction on expressive activity.

25. The Statute, on its face and as applied or threatened to be applied, is a content-based and viewpoint-based restriction on speech.

26. The Statute, on its face and as applied or threatened to be applied, does not serve a significant governmental interest.

27. The Statute, on its face and as applied or threatened to be applied, does not leave open ample alternative channels of communication.

28. The Statute, on its face and as applied or threatened to be applied, is neither narrowly tailored nor the least restrictive means to accomplish any permissible governmental purpose sought to be served by the legislation.

29. The Statute, on its face and as applied or threatened to be applied, is neither narrowly tailored nor the least restrictive means to accomplish any permissible governmental purpose sought to be served by the legislation.

30. The Statute fails to adequately advise, notify, or inform persons threatened with possible prosecution for violation of their requirements. Therefore, the Statute is unconstitutionally vague, on its face and as applied or threatened to be applied, in violation of the due process guarantee of the Fourteenth Amendment to the United States Constitution.

31. The Statute, on its face and as applied or threatened to be applied, violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution by denying Plaintiff free speech rights allowed to others in similar situations and other protections of federal law.

**SECOND CAUSE OF ACTION**

**(42 U.S.C. SECTION 1983: EQUAL PROTECTION)**

32. Plaintiff incorporates by reference paragraphs 1 – 31 as if fully set forth herein.

33. The Statute, on its face and as applied or threatened to be applied, violates the Equal Protection Clause of the Fourteenth Amendment. Specifically but not exclusively, the Statute creates three classes: Persons speaking to Members of The Florida Bar, persons wishing to speak favorably about members of The Florida Bar, and persons wishing to speak unfavorably about members of The Florida Bar.

34. These classifications have a direct bearing on the fundamental interest in free speech. The PCSO, Defendant Sheriff, Defendant State Attorney, Defendant Board and Defendant Governor have no compelling interest justifying the creation of these classes and cannot show that these classifications are necessary to serve any legitimate governmental interest.

35. The Statute singles out persons speaking about members of The Florida Bar as a class to be specifically isolated from speech, and correspondingly burdens the speech of that class of persons wishing to speaking unfavorably about members of The Florida Bar. These classifications have a direct bearing on the fundamental interest in free speech. The PCSO, Defendant Sheriff, Defendant State Attorney, Defendant Board, and Defendant Governor have no compelling interest justifying the creation of these classes and cannot show that these classifications are necessary to serve any legitimate governmental interest.

36. Unless enjoined by this Court, Defendants will continue to infringe Plaintiff's constitutionally protected rights and thereby cause irreparable injury, as damages alone cannot fully compensate Plaintiff for the ensuing harm. This threat of injury from continuing violations requires injunctive relief.

WHEREFORE, plaintiff prays that this Court: (a) Enter judgment against the Defendants; (b) Enter a declaratory judgment declaring the acts of the Defendants to be a violation of Plaintiff's constitutional rights to freedom of speech, equal protection, and due process; (c) Issue a declaratory judgment declaring that Florida Statute 748.048 is unconstitutional on its face; (d) Issue a declaratory judgment declaring that Florida Statute 748.048 is unconstitutional as enforced and as applied; (e) Issue a temporary restraining order, and a preliminary and permanent injunction enjoining Defendants, their agents, servants, employees, officers and Pinellas County Sheriff's Office from enforcing Florida Statute 748.048; (f) Award plaintiff costs, interest and reasonable attorneys' fees for this action pursuant to 42 U.S.C. §1988 and other relevant statutes; and, (g) Order such other and further relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff hereby requests a jury trial in this matter.

04/27/17 Stephen Frederick Alexander, Pro Se

**FLORIDA JURAT**
**FS 117.05**

State of Florida
County of PINELLAS

Sworn to (or affirmed) and subscribed before me this

28 day of APRIL, 2017,
*Day* *Month* *Year*

by STEPHEN F. ALEXANDER.
*Name of Person Swearing or Affirming*

[signature]
*Signature of Notary Public — State of Florida*

CAMRYN CARR
*Name of Notary Typed, Printed or Stamped*

☐ Personally Known
☑ Produced Identification

Type of Identification Produced: FL DRIVER'S LICENSE

CAMRYN CARR
Notary Public - State of Florida
Commission # FF 900782
My Comm. Expires Oct 24, 2019

*Place Notary Seal Stamp Above*

***OPTIONAL***

*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**

Title or Type of Document: FIRST AMENDED COMPLAINT FOR CIVIL RIGHTS VIOLATION AND INJUNCTIVE AND DECLARATORY RELIEF.

Document Date: 04/28/2017 Number of Pages: 9

Signer(s) Other Than Named Above: NONE

©2016 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827) Item #5186