UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHEN FREDERICK
ALEXANDER,

      Plaintiff,

v.                                   CASE No. 8:17-CV-997-T-30TGW

BOB GUALTIERI, SHERIFF OF
PINELLAS COUNTY, FLORIDA,
*et al.*,

      Defendants.

_____

## REPORT AND RECOMMENDATION

THIS CAUSE came on for consideration upon the pro se plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) pursuant to 28 U.S.C. 1915 seeking a waiver of the filing fee for his complaint against the defendants. The plaintiff alleges that he is in fear of being arrested for engaging in alleged protected free speech activities with respect to handing out leaflets and other speech activities aimed against members of the Florida Bar. He, therefore, seeks declaratory relief that Florida's stalking statute, § 784.048 is unconstitutional and injunctive relief to prevent the defendants from enforcing the statute. The complaint does not comply with the Federal Rules of Civil Procedure and it

fails to state a claim upon which relief may be granted. I therefore recommend that the plaintiff's complaint (Doc. 1) be dismissed, with leave to file an amended complaint, and that the Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2) be deferred.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the affiant submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to redress. Even if the affiant proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

The plaintiff's complaint is procedurally inadequate in several respects (Doc. 1). Thus, there is not "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Rule 8, Fed.R.Civ.P. Moreover, the complaint is an improper shotgun pleading. See id.; Rule 10(b), Fed.R.Civ.P.; Wagner v. First Horizon Pharmaceutical Corp., 464 F.3d 1273, 1279 (11th Cir. 2006). Thus, it is a quintessential shotgun complaint, as the second count incorporates all of the preceding paragraphs (see, e.g., Doc. 1, pp. 6, 7) ("Plaintiff incorporates by reference all preceding paragraphs as if fully restated here.")).

Moreover, the basis of the plaintiff's complaint appears to be that he is in fear of being arrested for violating Fla. Stat. § 784.048 for speech activities that he claims are protected under the First Amendment, including handing out leaflets concerning statements against members of the Florida Bar. The plaintiff asserts that § 784.048 is unconstitutional.

In support of his complaint, the plaintiff states that his wife has already been arrested for violating the statute (Doc. 1, p. 4). However, the plaintiff is not bringing a claim on behalf of his wife, nor could he. See Flast v. Cohen, 392 U.S. 83, 99 n.20 (1968) (a general standing limitation imposed by federal courts is that a litigant will ordinarily not be permitted to assert the rights of absent third parties).

Additionally, the plaintiff has brought suit against certain defendants that clearly are not permissible. The plaintiff's complaint seeks to prevent his arrest, and there is no factual allegations supporting the claim that the Pinellas County State Attorney would be responsible for the arrest of the person violating § 784.048 (Doc. 1, p. 2, ¶ 3).

Similarly, the plaintiff's claims against defendants Governor of Florida and the Chair of the Board of County Commissioners of Pinellas County are also without a basis. Thus, the plaintiff asserts in a conclusory

fashion that these defendants "will do nothing to uphold the Constitution of the United States..." (id., p. 5, ¶ 12).

Most fundamentally, the plaintiff has not set forth a viable claim that Fla. Stat. § 784.048 is invalid. Florida's stalking statute defines "harass" as "engag[ing] in a course of conduct directed at a specific person which causes substantial emotional distress to that person and serves no legitimate purpose." Fla. Stat. § 784.048(1)(a). Thus, the statute defines criminal conduct with respect to stalking, which is not constitutionally protected speech under the First Amendment.

The Florida Supreme Court has upheld the statute as constitutional, reasoning that it is not overbroad or vague. Bouters v. State of Florida, 659 So.2d 235 (Fla. 1995), cert. denied, 516 U.S. 894 (1995). In Bouters, the Florida Supreme Court held that the stalking statute was not overbroad, concluding that "[t]he conduct described at length in the stalking statute is clearly criminal and is unprotected by the First Amendment." Id. at 237. Thus, the court explained that "[w]hile the First Amendment confers on each citizen a powerful right to express oneself, it gives the [citizen] no boon to jeopardize the health, safety, and rights of others." Id., citing Operations Rescue v. Women's Health Center, Inc., 626 So.2d 664, 675 (Fla. 1993), cert. denied, 510 U.S. 1092 (1994). Therefore, "[s]talking, whether by word or

deed, falls outside the First Amendment's purview." Bouters v. State of Florida, supra, 659 So.2d at 237. In this respect, Fla. Stat. § 784.048(1)(b), clarifies under the definition of "course of conduct" that "[t]he term does not include constitutionally protected activity such as picketing or other organized protests." Therefore, Florida's stalking statute does not criminalize speech activities protected under the First Amendment.

The court in Bouters also held that Florida's stalking statute is not vague, explaining the statute bears a resemblance to the state's assault statutes. Therefore, words like "harass" are defined, and the "well-founded fear" standard is based on "a reasonable person standard, not a subjective standard." Bouters v. State of Florida, supra, 659 So.2d at 238; see also, Sult v. State of Florida, 906 So.2d 1013, 1022 (Fla. 2005) ("The stalking statute ha[s] a narrow focus upon 'any person who willfully, maliciously, and repeatedly harasses another person.'"). The plaintiff's conclusory assertions fail to set forth a reasonable basis for concluding that the statute is unconstitutional on its face.

Furthermore, United States District Judge Timothy J. Corrigan has considered the facial constitutionality of § 784.048. After an in-depth evaluation, he concluded that the statute was not unconstitutional on its face. Burroughs v. Corey, 92 F. Supp. 3d 1201 (M.D. Fla. 2015).

Thus, both the Florida Supreme Court and this court have held that § 784.048 is facially constitutional. There is nothing in the plaintiff's conclusory assertions that brings these decisions into question.

The plaintiff also asserts that he is challenging the statute as applied (Doc. 1, pp. 6, 7). The plaintiff, however, does not adequately allege how he intends to engage in conduct that would fall within § 784.048. The most he alleges is that he would prepare "signage, literature, and petitions" in Pinellas County and engage in "speech activities [which] include hand-to-hand leafleting about members of [t]he Florida Bar, education about inept members of the Florida Bar, and holding signs which say things like 'John McMenamin Law Group Sucks Lemons" (id., p. 2). He adds that "[a]ll of these activities occur on public sidewalks or other public forum" (id.). If this is all the plaintiff intends to do, there is no plausible basis for thinking that he would be arrested for violating § 784.048. Notably, these intended actions are in sharp contrast to the far greater actions the plaintiff's wife is charged with committing (see Doc. 1-1, Exs. A, B).

The plaintiff, therefore, has not alleged intended acts that are sufficient to raise an as-applied challenge to § 784.048. Moreover, since the plaintiff has not alleged that he was threatened with prosecution, that prosecution is likely, or that there is a credible threat of prosecution, the

plaintiff has failed to establish standing to bring an as-applied challenge. American Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas County, 221 F.3d 1211, 1214 (11th Cir. 2000). A speculative threat, such as the plaintiff alleges, is insufficient for Article III purposes. Id.

In sum, even construing the plaintiff's complaint liberally, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), the plaintiff's complaint is procedurally deficient and fails to state a claim on which relief may be granted. For these reasons, the plaintiff's complaint is subject to dismissal. 28 U.S.C. 1915(e)(2)(B)(ii). However, it is appropriate to afford the plaintiff an opportunity to file an amended complaint. See Troville v. Venz, 303 F.3d 1256, 1260-61 n.5 (11th Cir. 2002) (§1915(e)(2)(B)(ii) dismissal does not allow the district court to dismiss an in forma pauperis complaint without allowing leave to amend as permitted under Fed.R.Civ.P. 15).

I therefore recommend that the complaint (Doc. 1) be dismissed, but allow the plaintiff to file within thirty days an amended complaint that complies with the Federal Rules of Civil Procedure.

In this connection, the plaintiff is advised that an amended complaint must identify each defendant under each count, and for each count

identify in separate numbered paragraphs the pertinent facts which support the contention that the defendants acted or would act in violation of law. See Rules 8, 10, Fed.R.Civ.P.; McNeil v. U.S., 508 U.S. 106, 113 (1993) (pro se litigants must comply with the procedural rules that govern pleadings). The Hillsborough County Library has form books which provide sample formats for federal lawsuits, and contains copies of the Federal Rules of Civil Procedure. The Court's website also has helpful information. See www.flmd.uscourts.gov. Further, the plaintiff may wish to speak with this Court's Pro Se Litigation Specialist in the Legal Information Program that is being operated on Tuesdays from 11:00-1:00 p.m. in the 2nd floor Clerk's Office at the United States Courthouse, 801 N. Florida Avenue, Tampa, Florida. This is a free service for pro se litigants. Reservations for specific appointments may be made by calling (813) 301-5400 and walk-ins are welcome if space is available.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: May 22, 2017

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.